IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| KENNETH D. ARRASMITH, | ) | |
| | ) | |
| Petitioner, | ) | Case No. CV 04-0420-S-EJL |
| | ) | |
| v. | ) | **MEMORANDUM ORDER** |
| | ) | |
| JEFF CONWAY, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Pending before the Court in this § 2254 case are Respondent's Motion for Partial Summary Dismissal (Docket No. 10) and Petitioner's Motion to Expand the Record (Docket No. 14). Having reviewed the record in this case, and having considered the arguments of the parties, the Court enters the following Order.

## I.

## MOTION TO EXPAND RECORD

Petitioner has filed a Motion to Expand the Record (Docket No. 14), asking the Court to consider a Brief on the merits of claims that are not presently at issue (Docket No. 15). The Court will grant the Motion and consider the Brief at a later date when the merits of those particular claims are at issue.

**MEMORANDUM ORDER - 1**

## II.

## MOTION FOR SUMMARY DISMISSAL

### A.   Standard of Law Governing Summary Dismissal

In order to have a habeas corpus petition heard in federal court, a petitioner must allege that he is held in custody under a state court judgment and that such custody violates the Constitution, laws, or treaties of the United States.  28 U.S.C. § 2254(a).  The Court is required to review the petition upon receipt to determine whether it is subject to summary dismissal.  *See* Rule 4 of the Rules Governing Section 2254 Cases.  Summary dismissal is appropriate where "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."  *Id*.

### B.   Standard of Law Governing Exhaustion and Procedural Default

A habeas petitioner must first exhaust his state court remedies as to all of his constitutional claims before presenting them to the federal court.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).  The petitioner can satisfy the exhaustion requirement by showing that (1) he has "fairly presented" his federal claim to the highest state court with jurisdiction to consider it, or (2) that no state court remedy is available when he arrives in federal court.  *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996) (citations omitted).

To exhaust a habeas claim properly, a habeas petitioner must invoke one complete round of the state's established appellate review process, giving the state courts a full and fair opportunity to correct the alleged constitutional error at each level of appellate

**MEMORANDUM ORDER - 2**

review. *Baldwin v. Reese*, 541 U.S. 27 (2004). "[O]rdinarily a state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so." *Id*. at 32.

The mere similarity between a state law claim and a federal claim does not constitute fair presentation of the federal claim. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995). General references in state court to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are likewise insufficient. *See Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999).

In *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003), the Ninth Circuit held that citing to either a federal or a state case analyzing a federal constitutional issue is considered proper presentation of a federal claim. However, in *Casey v. Moore*, 386 F.3d 896, 912 (9th Cir. 2004), the Ninth Circuit clarified that where "the citation to the state case has no signal in the text of the brief that the petitioner raises federal claims or relies on state law cases that resolve federal issue, the federal claim is not fairly presented." In *Castillo v. McFadden*, 399 F.3d 993 (9th Cir. 2005), the court further clarified that, "[t]o exhaust his claim, [a petitioner] must have presented his federal, constitutional issue before the [state appellate courts] within the four corners of his appellate briefing." *Id*. at 1000 (citing *Baldwin*).

**MEMORANDUM ORDER - 3**

A habeas petition from a state prisoner "who is proceeding pro se may be viewed more leniently for exhaustion purposes than a petition drafted by counsel." *Fields v. Waddington*, 401 F.3d 1018, 1021 (9th Cir. 2005).

C.      **Procedural Background**

In 1995, Petitioner was convicted in state district court of one count of first degree murder and one count of second degree murder, based upon the shooting deaths of Ronald and Luella Bingham.  Petitioner was sentenced to a fixed life term for the first degree murder conviction and a 25-year to life term for the second degree murder conviction.  Petitioner's direct appeal and post-conviction relief actions were unsuccessful.

In the Motion to Dismiss, Respondent takes issue with some of the sub-parts of Petitioner's Claim II and with Claim III in its entirety.[1]  Claim II is that Petitioner's Sixth Amendment right to effectively cross-examine witnesses unconstitutionally restricted his right to present certain evidence, and his right to Due Process under the Fourteenth Amendment was violated, rendering Petitioner's trial fundamentally unfair for the following reasons:

  (1)    the trial court erred in excluding character evidence regarding the victims, specifically, the prior criminal record of Ronald Bingham's prior convicted rape offenses.

---

[1]Here, to avoid confusion, the Court uses the numeration system in the Petition.

**MEMORANDUM ORDER - 4**

  (2)  the trial court erred when it had limited the defense's cross-examination of police officers, including: (I) the officers' knowledge of Ronald Bingham's prior criminal record, including a prior rape conviction; and (ii) officer's discovery of a suitcase during search of the Bingham residence containing evidence that supported allegations of rape and corroborated the victim's claims that sexual instruments were used during the rape.

  (3)  the trial court erred when it excluded the expert witness testimony of Dr. Lenore Walker.

  (4)  the trial court erred in limiting cross-examination on subjects brought out on direct examination by the State.

  (5)  the jury could not make an informed decision as to innocence or guilt without the text of Idaho Code § 19-202A, which bore on Petitioner's claim of self-defense and defense of others.

  (6)  the trial court denied Petitioner the right to a fair trial by excluding testimony regarding his state of mind.

  Claim III is that the trial court committed error by failing to instruct the jury on Idaho Code § 19-202A (coming to the aid of another) and voluntary manslaughter, resulting in a Due Process violation.

  Respondent alleges that a number of the foregoing claims are procedurally defaulted. Petitioner concedes that the claims are procedurally defaulted. Because Petitioner is proceeding pro se, the Court will nevertheless review each of the claims at issue.

**MEMORANDUM ORDER - 5**

D.    **Discussion of Procedural Default**

    1.    <u>Claim II(1) (referred to by Respondent as Claim II(a)): State Trial Court Violated Right to Fair Trial by Excluding Extrinsic Evidence of the Victims' Bad Character through the Use of Prior Crimes, Wrongs, and Acts</u>

At trial, Petitioner sought to introduce evidence related to Ronald Bingham's prior conviction for rape, a letter from Lora Smith detailing sexual improprieties the Binghams engaged in with her in 1991-1992, and evidence of the Binghams' drug dealing and use of controlled substances. Petitioner contends that the exclusion of this evidence in a pre-trial ruling was erroneous in light of his proposed "defense of others" defense. *See State's Exhibit A-2*, at pp. 227-233.

To determine whether this claim is procedurally defaulted, the Court reviews the state court record. Petitioner presented the following issue on appeal: "Was it a fundamental error for the trial court to exclude the use of evidence of past convictions, victims of abuse, and violence of the victims Ron and Luella Bingham, thereby precluding Mr. Arrasmith from pursing a defense available to him under § 19-202A of the Idaho Code?" Petitioner further rephrased this argument as one that the trial court "precluded Mr. Arrasmith from using a defense provided to him by the Idaho legislature." *State's Exhibit B-1,* at p. 23. Petitioner stated in his brief that his motion seeking admission of this evidence was pursuant to "Section 19-202A of the Idaho Code, and Rule 404 of the Idaho Rules of Evidence." Petitioner extensively discussed Rule 404(a)

**MEMORANDUM ORDER - 6**

in his brief. *See id.*, at p. 30-31. There is no mention of due process or the Fourteenth Amendment in Petitioner's brief.

Petitioner's petition for review before the Idaho Supreme Court focused on the Idaho Court of Appeals' alleged "erroneous interpretation of I.C. § 19-202." *State's Exhibit B-6*, at p. 9. It further stated that "[t]he questions involving the interpretation, definitions, and applications of § 19-202(a), Idaho Code, have never been decided in the history of the state, and should be reviewed by the Supreme Court." *Id.* at p. 10. Petitioner's treatment of the failure to admit evidence was secondary to his discussion on failure to allow him to use a "defense of others" defense.

Petitioner's claim is clearly procedurally defaulted for failure to fairly present it to the Idaho Supreme Court as a federal issue. No citations of federal case law or the Constitution appear in any of his briefing. A petition does not satisfy the fair presentation standard if he limits his arguments to state evidentiary law and "never apprise[s] the state court of the federal nature of his claim." *Johnson v. Zenon*, 88 F.3d at 830-31. Neither did Petitioner raise the issue as a Fourteenth or Sixth Amendment issue (or at all) in his post-conviction petition or amended petition. *See State's Exhibit C-1*, at p. 3 & 36. Accordingly, Petitioner cannot proceed on this claim unless he can show cause and prejudice or a miscarriage of justice.

      2.    <u>Claim II(3) and (6) (referred to by Respondent as Claim II(d)):  The Trial Court Erred when it Excluded the Expert Witness Testimony of Dr. Lenore</u>

**MEMORANDUM ORDER - 7**

>Walker, and Petitioner was denied the right to a fair trial by excluding testimony regarding his state of mind

At trial, Petitioner sought to introduce (1) testimony from Dr. Lenore Walker regarding her expert opinion about Petitioner's psychological state before and during the murders, and (2) testimony from lay witnesses who had told Petitioner information about the Binghams. This proposed testimony was to establish Petitioner's state of mind at the time of the murders. The state trial court precluded this evidence. *See State's Exhibit A-6*, at pp. 1528-1540; *State's Exhibit B-1* at 41.

On appeal, Petitioner presented the following related issues to the Idaho Court of Appeals: "Did the lower court commit reversible error by violating Mr. Arrasmith's Sixth Amendment right to . . . present evidence of state of mind?" *State's Exhibit B-1*, at p. 8. Petitioner argued that the trial court's ruling violated Idaho Code § 18-207. He also argued that the trial court misapplied state law in disallowing the testimony in part because Petitioner had failed to turn over the expert's notes or reports to the prosecutor. At the end of Petitioner's argument, he stated: "Because of Sixth Amendment concerns, other courts have found that a court must determine that no other sanction short of exclusion would suffice." *Id.* at p. 39.

In his petition for review, Petitioner abandoned the argument that preclusion of the expert as a discovery sanction for failure to turn over the expert's notes and report to the prosecutor was error; thus, no Sixth Amendment issue was presented to the Idaho Supreme Court. *Id.* at pp. 12-14. Instead, Petitioner focused only on the argument that

**MEMORANDUM ORDER - 8**

the Court of Appeals used the wrong standard in applying Idaho Rule of Evidence 702. He also argued that exclusion of the expert's opinion was "not in accord with decisions in the Idaho Supreme Court." *See id.*, at p. 14.  The argument about exclusion of the lay witnesses was not presented in the petition for review at all.  Neither were these issues presented in Petitioner's post-conviction relief petition.

Because these issues were not properly presented to the Idaho Supreme Court, they are not exhausted.  Because it is now too late to bring the issues, the claims are procedurally defaulted.  As a result, the Court cannot adjudicate the claims unless Petitioner makes a showing of cause and prejudice or a miscarriage of justice.

    3.    <u>Claim III: State Court's Refusal to Instruct Jury on Voluntary Manslaughter or Defense of Others Violated his Due Process Rights</u>

At trial, the court refused to give instructions to the jury on voluntary manslaughter (requested by both parties) or defense of others (requested by Petitioner).  On appeal, Petitioner initially presented this issue as one of "fundamental error."  *State's Exhibit B-1*, at p. 8.  The self-defense and defense of others instructions are mentioned only in the "issues" section of the appellate brief; there is no argument contained in the brief on this alleged instructional error.  No mention of these other instructional errors is made in the petition for review.  The Idaho Court of Appeals did address this claim, holding that the

**MEMORANDUM ORDER - 9**

trial court did not err in giving only the traditional self-defense instruction (which addresses defense of others but does not recite the language of Idaho Code § 19-202A).[2]

Petitioner's briefing on the failure to issue a voluntary manslaughter instruction focused solely on Idaho case law.  There is no mention of federal cases or the Constitution.  *See id.*  If Petitioner's bare words "fundamental error" could be considered a constitutional issue, the concept is not mentioned in the brief other than in the "statement of issues" section.  The Idaho Court of Appeals did not address the issue as one of a federal or constitutional nature.  *See State's Exhibit B-4.*

In his petition for review, Petitioner argued that the Court of Appeals erred in not giving a manslaughter instruction because it was for the jury to determine whether the evidence supports only a manslaughter instruction.  *State's Exhibit B-6*, at p. 20.  Petitioner relied on *State v. Wolfe*, 691 P.2d 1291 (Idaho Ct. App. 1984).  *Wolfe* does not rely on any federal case law or the Constitution.  Notably, Petitioner did not rely on the federal Due Process Clause to support his claim before the Idaho Courts.  Accordingly, the Court concludes that the instruction error claims are procedurally defaulted.

---

[2]Idaho Code § 19-202A provides: "No person in this state shall be placed in legal jeopardy of any kind whatsoever for protecting himself or his family by reasonable means necessary, or when coming to the aid of another whom he reasonably believes to be in imminent danger of or the victim of aggravated assault, robbery, rape, murder or other heinous crime."

**MEMORANDUM ORDER - 10**

**E.      Standard of Law Governing Cause and Prejudice and Miscarriage of Justice**

A procedurally defaulted claim will not be heard in federal court unless the petitioner shows either that there was legitimate cause for the default and that prejudice resulted from the default, or, alternatively, the petitioner is actually innocent, and that there will be a miscarriage of justice if the federal claim is not heard.  *Id.*

To show "cause" for a procedural default, a petitioner must ordinarily demonstrate that some objective factor external to the defense impeded his or his counsel's efforts to comply with the state procedural rule at issue.  *Murray v. Carrier*, 477 U.S. 478, 488 (1986).  To show "prejudice," a petitioner bears "the burden of showing not merely that the errors [in his proceeding] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension."  *United States v. Frady*, 456 U.S. 152, 170 (1982).

If a petitioner cannot show cause and prejudice for his procedural default, he can still bring the claim in a federal habeas petition if he demonstrates that failure to consider the claim will result in a "fundamental miscarriage of justice," which means that a constitutional violation has probably resulted in the conviction of someone who is actually innocent.  *Murray v. Carrier*, 477 U.S. at 496.  To satisfy this standard, a petitioner must make a colorable showing of factual innocence.  *Herrera v. Collins*, 506 U.S. 390, 404 (1993).  If a petitioner brings forward new evidence not presented at trial which tends to show his innocence, the Court must then determine whether, "in light of

**MEMORANDUM ORDER - 11**

the new evidence, no juror, acting reasonably, would have voted to find [the defendant] guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 329 (1995).  Upon such a showing, a petitioner may proceed with his claims, provided that his claim of actual innocence is accompanied by an assertion of nonharmless constitutional error at trial.  *Id.* at 316.

F.   **Discussion of Cause and Prejudice and Miscarriage of Justice**

Petitioner argues that, because the Idaho Court of Appeals erred in its construction and interpretation of Idaho law, he should be able to proceed.  He also argues that he has shown that good reason for his actions are evident in the record.

Petitioner has not shown that there was good cause for his failure to present his claims as federal issues to the Idaho Supreme Court.  The Court has independently reviewed the record and finds nothing to support an argument that good cause exists.  It appears that Petitioner's counsel used a particular strategy of relying upon state statutes and state cases in arguing Petitioner's case.  Petitioner cannot rely on ineffective assistance of counsel (if such an argument can be made) as cause because it has never been presented to the Idaho Courts as an independent claim.  *See Edwards v. Carpenter*, 529 U.S. 446 (2000).  Petitioner has not argued that he is actually innocent, and the record does not support such an inference.  Based upon all of the foregoing, the Court concludes that Plaintiff has not shown cause for the default of his claims, and thus they cannot be heard in federal court, even if Plaintiff were able to show prejudice.

## III.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Respondent's Motion for Partial Summary Dismissal (Docket No. 10) is GRANTED. The following claims are dismissed: Petitioner's **Claim II(1)** (also referred to as II(a)), **Claims II(3) & (6)** (also referred to as II(d)), and **Claim III** in its entirety. For clarity's sake, in future writings the parties shall use the claim numbers used in the Petition and in this Order (the Court will do the same).

IT IS FURTHER HEREBY ORDERED that Petitioner's Motion to Expand the Record (Docket No. 14) is GRANTED to the extent set forth above.

IT IS FURTHER HEREBY ORDERED that motions for summary judgment on the remaining issues shall be filed no later than October 15, 2005. Responses shall be due no later than November 15, 2005, with replies, if any, due no later than November 30. No supplemental responses or replies shall be filed without prior leave of Court.

DATED: **July 7, 2005**

Honorable Edward J. Lodge
U. S. District Judge

**MEMORANDUM ORDER - 13**